**TOWN OF LAKESIDE PARK v. CRESCENT PARK, Inc. et al.**

Court of Appeals of Kentucky.

Dec. 14, 1951.

by means of X branches for disposal of sewage, excluding surface water." The property then and now is outside the town limits. The sewer was built and the property passed to the appellee, Crescent Park, Inc., which sold lots thereon to its coappellees. The judgment declares their right to tap the sewer line in accordance with the terms of the easement.

The town contends that the provision of the contract giving the right to tap the sewer line is ultra vires because a sixth class municipality has no statutory authority to construct sewer facilities for the use and benefit of persons and property outside its boundaries. Supporting the contention is the argument that such use by as many persons as are contemplated would impose too great a burden on the sewer line.

■ The statute authorized the town to build, maintain, and operate a sewer system with the "necessary appurtenances, within or without the corporate limits of the city, for the purpose of supplying the city and its inhabitants". KRS 94.160. Such a town, in the absence of an agreement, has the power to condemn a right of way within or without its limits as may be necessary to complete the system. KRS 94.170.

The other side draws the analogy to the right of municipalities to sell electricity and water where the outsiders furnish their own facilities and connect with the water lines. City of Lexington v. Jones, 289 Ky. 719, 160 S.W.2d 19; Davisworth v. City of Lexington, 311 Ky. 606, 224 S.W.2d 649.

■ We do not think the case calls for the consideration of the abstract proposition. The town had the power to acquire the right of way by contract and to pay for it. The grant of the easement was the price paid, and it must be observed. Bond Bros. v. Louisville & Jefferson County Metropolitan Sewer District, 307 Ky. 689, 211 S.W.2d 867; Louisville and Jefferson Metropolitan Sewer District v. Joseph E. Seagram & Sons, 307 Ky. 413, 211 S.W.2d 122, 123, 4 A.L.R.2d 588. Whether charges may be made for the use of the sewer is not involved in this case.

The judgment is affirmed.

Stephens L. Blakely, John R. Blakely, Blakely, Moore & Blakely, Covington, for appellant.

Albert H. Root, George J. Kaufmann, Newport, for appellees.

STANLEY, Commissioner.

This is an action for a declaration of rights in a controversy relating to the right of the appellees to tap an outlet sewer of the town of Lakeside Park.

In 1937, the appellant by contract acquired an easement through a 60 acre tract of land for the purpose of constructing and maintaining a sewer line to a disposal plant on a lot purchased outright from the owners of the tract. As the consideration for the easement, the instrument recites that the town "agrees to permit said grantors, the heirs and assigns of all or any part of said land whereon improvements may be made to tap into said sewer system